(No. 21733.—)

THE PEOPLE *ex rel.* H. C. MONTGOMERY, County Collector, Appellant, *vs.* GEORGE JEFFERSON, Appellee.

*Opinion filed April 22, 1933.*

OSCAR E. CARLSTROM, Attorney General, and JOHN A. McKEENE, State's Attorney, for appellant.

A. B. JOHNSON, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The county court of Scott county sustained an objection of George Jefferson to the application of the county collector for judgment and order of sale against his property for the amount of a special assessment extended against it and entered judgment denying the application, from which the collector has appealed.

The objection was that the special assessment was levied against the property in question by virtue of a local improvement ordinance passed by the city council of the city of Winchester long prior to January 2, 1932; that the

improvement was completed long prior to that time but that no certificate of the cost of the improvement stating whether or not the improvement was made and constructed so as to conform substantially with the requirements of the original ordinance for the construction of the improvement had ever been filed in the county court by the board of local improvements of the city of Winchester, as required by section 84 of the Local Improvement act, and by reason of the failure to file such certificate the special assessment was not delinquent and the court had no jurisdiction to enter judgment against the property. The cause was heard on stipulation of the parties that the improvement for which the special assessment was levied was completed at least two years before January 2, 1932; that no certificate of its cost or that it was constructed so as to conform substantially to the requirements of the original ordinance for its construction was ever filed in the county court by the board of local improvements; that the assessment for the payment of the cost of the improvement was divided into ten installments, and that the objector voluntarily paid the first and second installments but had not paid the third installment. It was further stipulated that after the completion of the work the board of local improvements accepted it as constructed and directed the payment of the contractor therefor, as appears from the record of the proceedings of the board.

This case is in all respects like that of *People* v. *Townsend*, (*ante,* p. 254,) decided at the present term, except in the fact that the appellee in the latter case did not pay the amount of either the first or second installment but filed no objection to the application for judgment on either, and judgment and order of sale were entered for both installments and the property was offered for sale for the payment of the first installment and was forfeited to the State.

The opinion in the *Townsend case* is conclusive of the questions in this case, and the judgment is affirmed.

*Judgment affirmed.*